Filed 2/11/21  P. v. Oakley CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JULLIEN BRADDON OAKLEY,<br><br>Defendant and Appellant. | C090075<br><br>(Super. Ct. No. 18FE017440) |

After a plea of no contest, the trial court sentenced defendant Jullien Braddon Oakley to a stipulated term of 12 years in state prison (which included one year for a prior prison term enhancement) in exchange for the dismissal of certain other charges. Defendant contends the prior prison term enhancement should be stricken based on the retroactive application of Senate Bill No. 136 (2019-2020 Reg. Sess.), and the Attorney General agrees.  Both parties posit that remand is not required.  We will strike the prior

prison term enhancement, accept the Attorney General's representation that the People do not seek remand, and affirm the judgment as modified.

## BACKGROUND

In September 2018 the People charged defendant with numerous felonies and sentencing enhancements, including allegations that defendant had served three prior prison terms.

Defendant subsequently pleaded no contest to four of the charged felonies, admitted an arming enhancement, and admitted a prior prison term for felony evading a peace officer. The maximum, aggregate term for these counts and enhancements was 12 years. On July 10, 2019, the trial court sentenced defendant to the agreed-upon 12 years in state prison, including a one-year enhancement for the prior prison term. (Pen. Code, § 667.5, subd. (b).) The trial court then dismissed the four remaining counts for willful cruelty to a child, being a felon in possession of an AR-15 rifle, a shotgun, and ammunition, as well as other enhancements.

## DISCUSSION

Defendant contends the one-year prior prison term enhancement must be stricken due to the change in the law promulgated by Senate Bill No. 136 (2019-2020 Reg. Sess.) effective January 1, 2020. The Attorney General agrees, as do we.

Senate Bill No. 136 amended Penal Code section 667.5, subdivision (b), which formerly provided for a one-year sentence enhancement for prior prison terms such as defendant had previously served. The enhancement now applies only if a defendant served a prior prison term for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). (See Stats. 2019, ch. 590, § 1.)

Because his sentence was not final when Senate Bill No. 136 took effect and because his prior offense was not for a sexually violent felony, we agree that the amended law applies to defendant retroactively. (See *People v. Vieira* (2005) 35 Cal.4th 264, 306 [a defendant is entitled to retroactive application of criminal statute that takes effect

2

during the time permitted to appeal to the United States Supreme Court]; *In re Estrada* (1965) 63 Cal.2d 740, 742; *People v. Lopez* (2019) 42 Cal.App.5th 337, 341-342.) The parties agree that there is no need for remand; we accept the Attorney General's concession in that regard.

## DISPOSITION

The judgment is modified to strike the one-year prior prison term enhancement. The trial court is directed to amend the abstract of judgment accordingly and send a certified copy thereof to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.


_____/s/_____
Duarte, J.


We concur:


_____/s/_____
Mauro, Acting P. J.


_____/s/_____
Krause, J.